IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CYREL HELMS, Individually and on
behalf of all others similarly situated                                       PLAINTIFF

v.                              No. 4:16-cv-541-DPM

FORD ENGINEERING, INC.
and ROBERT TRENT FORD                                                       DEFENDANTS

ORDER

Helms has moved for conditional certification of a collective action under the Fair Labor Standards Act and approval of related notices. Ford Engineering and Robert Ford object, mostly on the grounds that the company has a lawful payment policy and that Helms was part of a small crew—a group too small to certify.

Under the applicable standard, Helms has made the necessary modest factual showing that he and others in the potential group are similarly situated. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169–170 (1989); *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 944–45 (W.D. Ark. 2003). Whether Helms and others were paid what they were owed is for another day. At this stage, the Court looks to see if the potential group members worked the same job, during the same period of time, performed the same

duties, and were subject to the same payment policies. *Smith v. Frac Tech Services, Ltd.*, 2009 WL 4251017 at *4 (E.D. Ark. 2009). Helms and others fit this bill.

Defendants' other argument—that Helms worked within a small, specialized crew, making the case inappropriate for a collective action—is better addressed later, after discovery is complete and the record is full with information about other potential group members. Subgroups are possible, as is decertification. At this point, although the testimony is in conflict, Helms has carried the similarly situated burden.

The Court therefore certifies this group:*

> All hourly construction workers employed by Defendants Ford Engineering, Inc. and Robert Trent Ford at any time between July 27, 2013 and August 3, 2017.

The Court approves the proposed notice, consent, and reminder postcard with some revisions. (Helms's request to use email for notice has been withdrawn.) The revisions: Add the end date for the group; and replace all references to a class with references to the group or the collective

---

*It is not a class, it's a group pursuing a collective action. Calling it a class invites confusion because of Federal Rule of Civil Procedure 23.

action. The Court declines to make the other changes requested by Ford. The Fords' spreadsheet of names should include home addresses and telephone numbers (home and cell). Nothing else is necessary. Here's the schedule:

- Defendants Produce Spreadsheet — 18 August 2017
- Notice Period Opens — 18 August 2017
- Deadline to Mail Notice — 1 September 2017
- Deadline to Mail Reminder Postcard — 6 October 2017
- Opt-in Period Closes — 17 November 2017

\* \* \*

Motion, № 11, granted as modified.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

3 August 2017